ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 6 2005

CLERK, U.S. DISTRICT COURT
By _____
　　　　　Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-02-CR-0384-M |
| | § | NO. 3-05-CV-0348-M |
| HECTOR CAMPOZANO-TIERRABLANCA | § | |
| | § | |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Defendant Hector Campozano-Tierrablanca, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(2). Punishment was assessed at 77 months confinement followed by supervised release for a period of three years. His appeal was dismissed as frivolous. *United States v. Campozano-Tierrablanca*, 87 Fed.Appx. 409, 2004 WL 306001 (5th Cir. Feb. 18, 2004). Defendant also filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2). That motion was denied. *United States v. Campozano-Tierrablanca*, No. 3-02-CR-0384-M (N.D. Tex. Dec. 23, 2004), *rec. adopted*, (N.D. Tex. Jan. 15, 2005). Defendant now seeks post-conviction relief pursuant to 28 U.S.C. § 2255.

II.

In two grounds for relief, defendant contends that: (1) his sentence was enhanced based on facts not submitted to the jury or proved beyond a reasonable doubt in violation of the Sixth Amendment to the United States Constitution; and (2) he received ineffective assistance of counsel.

A.

Defendant first argues that his 16-level sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A) is unconstitutional.[1] In *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. The Court recently extended its holding in *Blakely* to invalidate the mandatory nature of the federal sentencing guidelines. *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 759, 160 L.Ed.2d 621 (2005). However, *Booker* does not apply retroactively to cases on collateral review. *Id.*, 125 S.Ct. at 769 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also In re Elwood*, ___ F.3d ___, 2005 WL 976998 at *3 (5th Cir. Apr. 28, 2005) (citing cases) (holding that *Booker* is not applicable to cases already final). Consequently, defendant is not entitled to post-conviction relief on this ground.[2]

B.

In a related claim, defendant contends that his attorney was ineffective for failing to object to the 16-level enhancement for being previously deported after a conviction for a crime of violence. The Sixth Amendment guarantees a defendant reasonably effective assistance of counsel at all

---

[1] Under the federal sentencing guidelines, the base offense level for unlawfully entering or remaining in the United States is eight. U.S.S.G. § 2L1.2(a). However, if the defendant previously was deported after a conviction for a felony that is a crime of violence, the base offense is increased by 16 levels. *Id.* § 2L1.2(b)(1)(A). Here, defendant previously was deported after being convicted of aggravated assault with a deadly weapon. (*See* PSR at 4-5, ¶¶ 19 & 28).

[2] The court also notes that the fact of a prior conviction need not be charged in the indictment or proved to a jury beyond a reasonable doubt. *See United States v. Amaya-Torres*, 2000 WL 33348193 at *1 (W.D. Tex. Aug. 21, 2000), *citing Almendarez-Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998). Moreover, defendant waived his right to raise this claim as part of the plea agreement. (*See* Plea Agr. at 5, ¶ 10).

critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief, a defendant must prove that the performance of his attorney was constitutionally inadequate and that such deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 692-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674 (1984). Prejudice results when there is a reasonable probability that, but for counsel's unprofessional errors, the defendant would have received a "less harsh sentence." *United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004).

The presentence investigation report shows that defendant was convicted of aggravated assault with a deadly weapon in 1996. This is a "crime of violence" under the federal sentencing guidelines. *See* U.S.S.G. § 2L1.2, comm.[3] Upon his release from prison, defendant was deported to Mexico. He subsequently re-entered the United States without the consent of the Attorney General. (*See* PSR at 2-3, ¶¶ 9-13; 3-4, ¶ 19; 5, ¶ 28). Defendant does not contest any of these facts. Nor does he explain what objection counsel should have made. Under these circumstances, defendant is not entitled to post-conviction relief. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.), *cert. denied*, 115 S.Ct. 432 (1994) (counsel not ineffective for failing to make meritless objections).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

DATED: May 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The term "crime of violence" means, *inter alia*, "aggravated assault . . ., or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comm.